# EXHIBIT A-1



*AFFIDAVIT INABILITY TO PAY*

*1 CIT/CERT MAIL*

CAUSE NO. *OC-24-03566*

| | | |
|---|---|---|
| SONYA L. CHAPMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ADT LLC ET SEQ | § | **G-134th** |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, SONYA L. CHAPMAN, Plaintiff in the above-styled case, complaining against

Defendant ADT LLC ET SEQ and its subsidiaries, and files this Original Petition and would for

cause respectfully show the Court as follows:

## DISCOVERY PLAN

1.   Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of

Civil Procedure.

## PARTIES

2.   Plaintiff is an individual and a citizen of Dallas County Texas.

3.   Defendant is a limited liability company organized under the laws of the state of Delaware

with its principal place of business located at 1501 Yamato Rd. Boca Raton, Fl 33431.

## JURISDICTION

4.   This is an action at law and in equity to redress violations of Title VII of the Civil Rights

Act of 1964, as amended, 29 U. S.C. Section 621 et seq, and the Texas Labor Code,

Section 21.051, "Discrimination by Employer"; Section 21.055, "Retaliation"; and Section

1

21.056, "Aiding and Abetting Discrimination". Jurisdiction of this action is vested in this Court as the causes of action alleged herein are based upon the actions and activities of the parties that took place at all relevant times in Dallas County, Texas. By reason thereof, the jurisdiction and venue of this action is proper in any district court of Dallas County, Texas.

5.   This is a civil liability case brought to collect a legal debt of money damages due and owing to Plaintiff by reasons of the injuries to and damages of Plaintiff due to improper and wrongful conduct on the part of Defendant. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that she seeks monetary relief in an amount not to exceed $74,000.00 exclusive of interest and costs. Plaintiff affirmatively limits her potential recovery accordingly.

## NOTICE OF RELATED CASE

An initial cause of action first filed in the United States District Court for the Northern District of Texas cause No. 3:22-cv-2188-D-BN where "claims under federal law and the Texas Constitution are dismissed with prejudice, and any remaining claims under Texas common law are dismissed without prejudice to Chapman's ability to pursue those claims in state court". Dkt. 79 No. 3:22-cv-2188-D-BN. Please see attached. Additional related case was filed in 134th Judicial District cause No. DC-23-03371 which was removed as cause No. 3:23-cv-799-K-BN and consolidated with United States District Court for the Northern District of Texas cause No.3:22-cv-2188-D-BN.

Plaintiff filed a notice of appeal of the dismissal of her federal and constitutional law claims with the 5th Circuit Court of Appeals on March 5, 2024, no cause number has been

assigned. Plaintiff requests to proceed with her state law claims, and where the court deems appropriate any other related claims in this her petition to the judicial district court.

## FACTUAL STATEMENT

6.   Plaintiff was an employee for Defendant from January 2021 until March 7th, 2022. In January 2022, Plaintiff began training for a new position of Regional Support Specialist. She was determined to be qualified for the new position.

7.   Plaintiff attempted to perform her job duties to the best of her ability during the training period from approximately January 19, 2022 through March 7, 2022, but Defendant refused to properly train Plaintiff, refusing to allow practice of the training processes learned during training, and consequently undermined the work Plaintiff did.

8.   Plaintiff was punished for taking notes during training, and prevented from taking notes during the training by Samuel McLaughlin, telling plaintiff to use his notes, and to just do what he says, don't worry about nothing else. Plaintiff was also punished for using leisure time to go over material pertaining to the job.

9.   Plaintiff requested Defendant to move her to the new position on March 8, 2022. Despite several requests, Defendant without any good cause, refused to move her to the new position. The only excuse Defendant gave was that he believed Plaintiff would be unable to perform the duties of the new position. Defendant failed to elaborate his reasons for the refusal.

10.   Despite everything, Plaintiff continued to fulfill her employment duties to the best of her ability. On one occasion, Defendant refused to train Plaintiff and instead asked her to "figure it out". .

3

11.    Additionally, Plaintiff was reprimanded for her performance and behavior during the course of training, resulting in her unlawful termination.

12.    In March 2022, Plaintiff asked to be transferred to a different position as an alternative to termination.

13.    Plaintiff applied for multiple jobs postings that the Defendant had posted, but Defendant refused to hire Plaintiff for those positions even though Plaintiff was determined to be qualified for those positions.

14.    Defendants refused to allow Plaintiff to remain employed at any position at the Company and instead terminated her.

15.    Additionally, Defendant placed reprimands in Plaintiffs file, making her ineligible for rehire at a different position in the Company.

16.    Plaintiff was subject to a hostile, retaliatory, and discriminatory atmosphere at her workplace. Defendants intentionally constructively discharged Plaintiff as the same HR personnel that hired Plaintiff were the same Defendants that terminated Plaintiff. Plaintiff contends Defendants had no intention of Plaintiff working the RSS position she was hired for. Plaintiff has experience as a customer service representative and has since become employed as a customer service representative. Plaintiff was subject to undue hardship as Defendant's intentionally treated Plaintiff indifferently by testing her differently, requiring her to have a different skill than other employees in the same and or similar role as Plaintiff. Other employees had issues with the new role just as Plaintiff.

17.    Defendant intentionally treated Plaintiff differently than her peers, who were younger, of a different race, sex and color than the Plaintiff. Defendant's actions and comments on

4

numerous occasions implied that Plaintiff's other co-workers were more subservient than the Plaintiff and hence, more suitable for the job.

18.    Defendants are the direct and or proximate cause of Plaintiffs injury, and but for Defendant's actions, Plaintiff would not have suffered injury. Defendants intentionally offered the RSS role to Plaintiff with the intent to constructively discharge Plaintiff, and by not reserving their right to at will employment by ending the temporary position an allegation of intentional discrimination is made. Defendants for discriminatory reasons including but not limited to disparate treatment treated Plaintiff differently by requiring Plaintiff to have skills that were not required of other same or similarly situated employees and was terminated when same and or similar situated employees remained employed. Defendants during their training had issues with other employees not learning their new assigned position and remained employed. Plaintiff was not given the time it takes for a new role to be learned and practiced outside of a training environment as the other employees. Plaintiff repeatedly asked for a different position which Defendants were hiring at the time for roles similar to the RSS role and afterward until now. Defendants denied any wrong doing, compelling Plaintiff to record some of their actions. Defendants refused to assist Plaintiff if her head set was not plugged in so they could continue their unfair treatment without notice. Defendants reason for terminating Plaintiff is not the true reason. Plaintiff asks that the Defendant's may be required to answer to Plaintiff's claims.

## CAUSES OF ACTION

### I.   Violation of Title Vll

19.   Plaintiff incorporates herein by reference the factual statements set forth in the foregoing paragraphs.

20.   Plaintiff sues under Title VII of the Civil Rights Act of 1964, as amended, and the Texas Human Rights Act, each which prohibit discrimination in employment on the basis of national origin, race and sex as detailed above.

21.   Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission, exhausting all of her administrative remedies.

22.   Plaintiff received her Right to Sue letter from the EEOC and timely filed suit in Federal Court against the Defendant. Federal court dismissed Plaintiff's original federal law action claim, and hence declined supplemental jurisdiction over the state law claims.

23.   The actions taken against Plaintiff were willful and with the intent to violate her rights under Title VІІ of the Civil Rights Act of 1964, as amended.

24.   Therefore, Plaintiff is timely exercising her right to refile her employment discrimination complaint against the Defendant in State court.

### II.   Violations of Texas Labor Code

25.   Plaintiff incorporates herein by reference the factual statements set forth in each of the foregoing paragraphs.

26.   Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055. Pursuant to Sec. 21.055, *"an employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency*

*retaliates or discriminates against a person who, under this chapter (i) opposes a discriminatory practice; (ii) makes or files a charge; (iii) files a complaint; or (iv) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing."*

27.  Defendant took actions that were discriminatory in nature against Plaintiff including but not limited to wrongful termination. Defendant intentionally retaliated against Plaintiff and ultimately terminated Plaintiff's employment as set out herein in violation of the Texas Labor Code 21.055.  Defendants retaliated against Plaintiff if she said anything they did not approve of, which was anything Plaintiff did or said and is hostile in and of itself. Defendants ridiculed Plaintiffs work style throughout the training periods for both positions. Directly violating the terms and conditions of Plaintiffs employment as provided below Texas Labor Code Section 21.051.

28.  Defendant's conduct as set forth above also violated Texas Labor Code Section 21.051 "Discrimination by Employer." Sec 21.051 provides, *"An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:*

*(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or*

*(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."*

29.  Here, Defendant violated s.21.051 by deliberately placing baseless reprimands on Plaintiff's file due to her race, color and sex, limiting her growth into her new role by

failing to giving her adequate and proper training, and thus, resultantly depriving her of an employment opportunity at the Company, even for other job openings for which she was qualified.

30. Additionally, Defendant violated Section 21.056, "Aiding and Abetting Discrimination", which provides *"An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency aids, abets, incites, or coerces a person to engage in a discriminatory practice."*

31. Here, Defendant Ashley Merrick, aided and abetted in discrimination by ultimately silencing plaintiff, denying plaintiff right to speak during training, by criticizing plaintiffs word choice. Bryan Brown, Yolanda Fields, and Jeremy Noll are all operations managers who were aware of plaintiffs concerns of unfair treatment. Plaintiff reached out to all three managers asking for a review of or chance to give her side of what happened during training. Defendant declined to allow plaintiff a chance to give her side of what happened. Defendant Yolanda Fields, or Jeremy Noll did not respond to emails plaintiff sent in attempts to defend against her termination. Defendant Bryan Brown, responded "you were not at a performance level needed to be successful in the RSS role" "we are moving forward requesting termination". The management team were fully aware of what was being done by the training team Samuel Mclaughlin, Latoya Lunan, Kara Marconi, Ashley Rioux the training team manager Ashley Merrick, as they reported back to the operations management team about plaintiff's performance and or lack of performance.

32. Defendant's actions against Plaintiff were intentional and willful and violated Plaintiff's rights. Plaintiff now sues to recover any and all damages she may be entitled to.

### III. Violation of Constitutional Rights

29.  Plaintiff incorporates herein by reference the factual statements set forth in each of the foregoing paragraphs.

30.  Defendant's actions in unlawfully discharging Plaintiff violated Plaintiffs procedural and substantive Due Process rights guaranteed under the United States and Texas Constitutions. Defendant's total disregard of Plaintiffs interests in her continued employment and the arbitrary and capricious manner in which Plaintiff was unlawfully discharged constitute these complained of violations.

31.  Plaintiff now sues to recover any and all damages she may be entitled to.

### IV. Negligence and Gross Negligence

32.  Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

33.  Defendants owed Plaintiff a duty to ensure that she was not subjected to the retaliatory, discriminatory, and wrongful conduct that she faced. Defendants were guilty of breaching that duty by failing to undertake reasonable measures to ensure that the conduct and actions Plaintiff was subjected to would not happen, and by failing to ensure that procedures and policies were in place and adhered to, which breach was a proximate cause of the injuries and damages sustained by Plaintiff.

34.  Defendants owed Plaintiff the duty to exercise reasonable care in the supervision, conduct, and training of its personnel and to provide a work environment free from such dangers and harassment. Defendants' acts and omissions, taken separately or collectively, constitute a

direct and proximate cause of the damages, including damages for mental pain, anguish and suffering, suffered by Plaintiff in an amount within the jurisdictional limits of this Court.

35.  Defendants' negligent acts, as shown, were aggravated by that kind of wantonness, and gross indifference to the welfare and rights of Plaintiff for which the law allows the imposition of exemplary damages. Defendant acted with gross indifference to Plaintiffs rights and welfare. In this connection, Plaintiff will show that as a result of Defendants' wrongful conduct and gross negligence, she has suffered damages, and other expenses incurred in the investigation and prosecution of this action. Accordingly, Plaintiff requests an award of exemplary damages of and from Defendants.

## V.  Infliction of Emotional Distress

36.  Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

37.  Defendants' actions were intentional and reckless and so extreme and outrageous to directly and proximately cause Plaintiff tremendous emotional distress and mental anguish for which Plaintiff now seeks recovery.

38.  Defendant knowingly, intentionally, willfully, and maliciously repeatedly acted without regard to the outcome of their actions, and harm caused to Plaintiff.

39.  Plaintiff is caused harm by Defendants acts and or omission of acts by being forced to work a different position by terminating her employment, causing more stress, and anxiety, forcing her to work part-time hours earning less in income.

40.  Plaintiff contends it takes time to build experience/seniority at a work position, and due to the stress and anxiety caused by Defendants actions she has difficulty obtaining

employment. Plaintiff contends that she would have to start over, building experience/seniority learning a new position, achieving maximum productivity with minimal wasted effort or expense i.e. 100 percent, is delayed to the extent she works less than full time hours and could possibly delay her achievement at her new position, thus causing further harm.

41. Plaintiff contends she worked full-time hours in her position with Defendants and was dedicated to learning and performing well. Plaintiff contends she performed above what was expected of her regarding learning and performance. Plaintiff contends she was dedicated to learn more in her previous role with Defendants by consulting with team leads, colleagues, management, by taking notes, which better suited her for the position of Regional Support Specialist. Plaintiff received verbal and written compliments on her work performance from others in her previous position with Defendants.

42. Plaintiff contends to be efficient in her position as well as any position i.e., working in a well and organized competent way she must learn and know related tasks to best perform her duties, in which Plaintiff took thorough notes and reached out to other colleagues for support as the scenarios were ever changing, and not all colleagues had the same skill level.

43. Plaintiff contends others that were promoted to the new position did not have the same skill level as plaintiff. Plaintiff was already performing many of the duties required for the new role in her current role as scheduler. Plaintiff observed or shadowed the new role with management approval prior to applying for the role. Plaintiffs' previous manager approved her to apply for the role complained of.

## VI. Disparate Treatment Under TCHRA , 29 CFR 1607.11

44. Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

45. Plaintiff is a member of a protected class. Plaintiff applied for a job, and her application was rejected. The position remained opened for a considerable length of time after her rejection. Plaintiff is a 54-year old female and was the eldest person of color present at the time of the incidence. Although Plaintiff had the qualifications required for the job, Defendant arbitrarily rejected her. Following her wrongful termination, Defendants continued to hire and look for other applicants with Plaintiffs qualifications.

46. Plaintiff was denied the same employment, training, promotion, opportunity, available to other employees or applicants. Defendant intentionally treated Plaintiff less favorable than other similarly situated individuals because of her race, age, and sex.

47. Defendants continued to hinder Plaintiffs training by refusing to allow Plaintiff to interact during training, such as ask questions. Plaintiff was reprimanded and retaliated against for taking notes during the training, forcing her to rely on the trainer's instruction alone at times.

48. Plaintiff had to be persistent in order to make notes during the training by informing the trainer of what notes were being taken by her, whilst being cautious of not dissatisfying the trainer regarding the notes being taken.

49. Defendants wrote false disciplinary actions against Plaintiff. (Exhibit 5) (please elaborate even if the same is provided in the exhibit – write the statement and how it is false.

50. Plaintiff would not have suffered injury but for Defendants intentional acts, and or omission and the same acts or omissions are the cause of Plaintiffs injury.

51. Defendant's actions violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, and 29 USC § 623(c), and Fair Employment Act.


VII.    Disparate Impact under TCHRA, Title VII

52. Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

53. Plaintiff is a female, over age 40, and person of color. Plaintiff accepted an offer of permanent employment. Plaintiff suffered adverse action and treatment at the hands of the Defendant. Plaintiff was the only female, over age 40, person of color, a temporary employee in the group promoted to a permanent position and subsequently terminated during training phase only.

54. Defendants continued to hire and look for other applicants with Plaintiffs qualifications despite Plaintiff satisfactorily meeting all the required qualifications.

55. Plaintiff while working was attentive, met performance metrics taking 60 to 120 calls per day, had great attendance, positive attitude, hard-working, invested, approachable, and loyal to the company.

56. Plaintiff had the education and work experience to perform all of the related job tasks. Plaintiff began telephone sales/telemarketing in 1986 at 18 years of age, customer service in restaurant business in 1983 at 15 years of age, grocery business in 1984 at 16 years of

age, and first computer training school in 1987 at 18 years of age. Plaintiff has had training since 1987 in how to operate a computer and subsequent computer training continued from 1987 until 2014.

57. Plaintiff has worked steadily in a call center environment since November 2017, where she had to perform same and similar job duties related to the position with Defendants.

58. Defendants in their corrective action publication state Plaintiff's *"behaviors impacted her performance to be on pace with the class…..."step away to avoid reviews, that Plaintiff "has a habit logging back from payroll and saying nothing, after repeated calling she will unmute after a few minutes and say yes"*.

59. Defendants, in publishing the corrective action plan, attempted to defame Plaintiff by including these false statements of facts.

60. Plaintiff contends that Defendants' reason for terminating her, which were that she could not perform the job duties are a disputed material fact. It is also a disputed material fact whether Defendant's training manager, Ashley Merrick, who terminated Plaintiff did or did not witness Plaintiff's behavior for which she was terminated for.

61. Defendant's conspired to deprive Plaintiff of her due process, inalienable right to life, liberty, and the pursuit of happiness. Plaintiff contends civil conspiracy took place in that a combination of two or more persons for the purpose of injuring Plaintiff resulting in special damages.

62. Plaintiff contends that Defendants intentionally committed the unlawful act of conspiring to injure Plaintiff by terminating her, by making defamatory statements in their corrective action publication to make it look like their reason for terminating the Plaintiff was lawful.

63.  Plaintiff contends that Defendants knowingly, intentionally, willfully, and maliciously knew that their corrective action publication is not a correct assessment of Plaintiffs abilities to perform her work duties.

64.  Plaintiff contends that Defendants knowingly, intentionally, willfully, and maliciously knew or should have known that their publication was false regarding Plaintiff avoiding review.

65.  Plaintiff contends that Defendants' defamatory publication is not supported by Plaintiffs previous reviews just prior to her promotion to the RSS role, and is a just cause to avoid summary judgment in favor of Defendants, and a material fact to be disputed avoiding summary judgment.

66.  Plaintiff contends Defendants knowingly, intentionally, willfully, and maliciously, conspired to terminate her for reason of causing her harm.

67.  Plaintiff contends Defendants knowingly, intentionally, willfully and maliciously committed more than one unlawful act while terminating Plaintiff. Plaintiff contends that civil conspiracy to terminate Plaintiff is different from Defendants' defamation corrective action publications, different from Defendant's reason given for terminating Plaintiff as at will employee, different from wrongful termination, and different from discrimination based on race, age, and sex.

68.  Defendants acts and or omissions proximately caused Plaintiff damages, and but for Defendant's acts and or omissions Plaintiff would not have suffered injury.

69.  Plaintiff position with the Defendant was fully remote, work at home position. It prevented Plaintiff from the danger of traveling in busy traffic, road rage, wear and tear to Plaintiffs vehicle. It also prevented Plaintiff from the expense of fuel to travel to and from work.

Plaintiff had to retain new employment, new training skills for this new position. Plaintiff's work environment changed from work at home to an in-office call center environment, where there are new challenges of working in an in-office call center environment. The two are not comparable positions in relation to work environments.

70.    Plaintiff was unlawfully and wrongfully forced to accept a lower paying position.

71.    Plaintiff made notes throughout her tenure which assisted her as well as colleagues to be more efficient. Plaintiff was often thanked by members of the sales team, technicians, service and install coordinators for her support, hard-work and diligence. (Exhibit 1). Plaintiff during her tenure frequently assisted colleagues with processes, both colleagues with more and less seniority than Plaintiff.

72.    Defendant's employment practice of offering employment to employees of a less dominant personality for hire into an already management workforce with more dominant personalities for purposes of training and development to later impart fundamentally different treatment has a disparate impact.

73.    Defendant's arbitrarily and unreasonably required Plaintiff to perform work duties during a training period as those of an experienced employee working the same position per Defendants statement during recorded audio.

74.    Defendant's expectations of the Plaintiff during training per the Defendants reason for termination were unreasonable as Defendants did not allow Plaintiff to work the position and was not the "best estimate of anticipated experience".

75.    Defendant's made mention of Plaintiff use of the word "Unfortunately" in the corrective action setting off the customer. Defendant's made use of the same word when terminating

Plaintiff saying it was "Unfortunate". Defendants used unfortunate in one of the scripts provided to employees used to respond to customers.

76. Defendants used double standards when evaluating Plaintiff's performance during training,

77. Although Defendants state Plaintiff's employment was at will, and termination was a business necessity, Defendants "reason for its decision is unworthy of belief".

78. "Defendants practice or policy in question has not demonstrated that terminating Plaintiff during training has a demonstrable relationship to the requirements of the job, the business necessity defense".

79. Plaintiff contends Defendants have a duty to train and develop Plaintiff as an employee, and this requirement is not equivalent to at will employment, and is protected under due process, and anti-discrimination laws.

## VIII.    Age Discrimination——TCHRA

80. Plaintiff incorporates each of the foregoing paragraphs.

81. Plaintiff is a member of a protected class 40 years and older.

82. Plaintiff is qualified for the position; Plaintiff worked a previous position for 12 months with similar duties while working for Defendants. Plaintiff suffered a final, adverse employment action.

83. Plaintiff was replaced by someone younger.

84. Plaintiff was treated less favorable than others who were similarly situated, including persons of color, persons of a different race, and persons under the age of 40 years that were part of the same training class as Plaintiff.

85.  Plaintiff was the only female, person of color, over age 40 that received corrective action and terminated during the training process.

86.  Defendants punished Plaintiff for exercising her right to employment training, right to take notes during training, right to be treated fairly, and that but for Defendants actions Plaintiff would have no injury.

87.  Defendants refused to provide necessary lawful indiscriminatory training for new position to Plaintiff.

88.  Plaintiff was the only female, over age 40, and person of color terminated during training.

89.  Plaintiff has no recourse but Defendants Human Resource Department, who are responsible for the actions complained of in this complaint.

90.  Plaintiff would not have suffered injury but for Defendants intentional acts and or omissions.

91.  Defendant's actions violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, and 29 USC § 623(c).


IX. Hostile Work environment - Race Discrimination—TCHRA ,  Title VII Civil Rights Act 1964, 42 USC 2000 (e), 14th Amendment, 18 USC 1001

92.  Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

93.  Defendant discriminated against Plaintiff because of Plaintiff' race, age, and sex. Plaintiff is a female, over age 40, and a person of color.

94.  Defendants made written and verbal untrue statements that Plaintiff abandoned her employment while punched in to avoid performance reviews of her work. (Exhibit 5)

95.  Defendants "willfully" made a false statement with intent to deceive, a design to induce belief in the falsity, or to mislead. Defendants "made a conscious effort to avoid learning the truth, and is a material misrepresentation of the truth".

96.  Defendants neglected to train Plaintiff telling Plaintiff to "figure it out" when questions arose during periods of training.

97.  Defendants knew or should have known their actions were discriminatory, intentional, and unlawful.

98.  Plaintiff would not have suffered injury but for Defendants acts and or omissions.

99.  Defendant's actions violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, 29 USC § 623(c), and 42 USC 2000(e) .

X.  Wrongful Termination—Constructive Discharge Discrimination—TCHRA

100.  Plaintiff incorporates herein by reference the factual statements set out in the foregoing paragraphs.

101.  Defendant terminated Plaintiff's employment as a constructive discharge due to race, age, and sex.

102.  Defendants refused to offer Plaintiff fair training, and made statements that Plaintiff "figure it out" during training. .

103.  Plaintiff is not responsible for the training process or lack thereof. Plaintiff made audio recordings of the training staff's actions towards her during training.

104.  Defendants intentionally labeled Plaintiff throughout the entire training period by isolating Plaintiff, refusing to allow Plaintiff to participate, by not calling on Plaintiff with raised hands during question answer session of the training.

105. Defendants' expectations of the job performance during the training period were unreasonable.

106. Plaintiff has the necessary experience and skills to perform the job tasks. She has performed similar job-related tasks for the Defendant previously for over 12 months, yet Defendants discriminatorily picked the most desired employees in the training class, causing disparate impact towards Plaintiff.

107. Defendant's "suspicious timing" in terminating Plaintiff is ambiguous as well as confusing since Plaintiff had worked in a position with similar duties for 12 months prior to the new position.

108. Plaintiff was not allowed the opportunity to even practice and implement the newly introduced job duties fully before being wrongfully terminated.

109. Prior to applying for the position from which she was wrongfully terminated, Plaintiff consulted with management as to whether they felt she had the experience required for the job and she was given an affirmative response. Plaintiff, after training for a period of 4 months in preparation to apply for the Regional Support Specialist role, applied and was hired instantly.

110. Normal practice in customer service, support specialist roles is to allow an employee time to build their new skills of the position by practice, trial and error. Plaintiff's performance reviews exceeded expectations and the new position was an extension of the same duties. Plaintiff went in to the new position with experience performing the same duties.

111. Defendants' actions are subjective in nature, and violates Plaintiff's due process right to employment, life, liberty, and property. Defendants did not allow any due process regarding Plaintiffs termination.

112. Plaintiff inquired from the Defendants about the possibility of appeal, and she was denied a hearing as well as any process to refute her termination.

113. Defendants used Plaintiff's behavioral issues as the reason for terminating her, coupled with the right to terminate Plaintiff at will due to business necessity.

114. Defendants limited Plaintiff's ability to speak during training and asking questions. Defendants also limited Plaintiff's opportunity to give feedback. When Plaintiff did give feedback, she was retaliated against by undermining her performance during training.

115. Defendants wrote false disciplinary actions against Plaintiff during the last training period during which Plaintiff exceeded expectations performance reviews, and she had excellent attendance in her previous position.

116. Defendants were hostile towards Plaintiff during both training periods of 2021 and 2022, forcing Plaintiff to ask Defendants to go over what she lacked at the end of the remaining training days in March 2022. The training staff gave poor performance reviews without going over ways to improve.

117. Defendants bullied Plaintiff throughout the entire training period while displaying mob like, discriminatory treatment.

118. Defendants hostile work environment escalated and manifested by a series of harassing acts.

119. Plaintiff is a minority female over age forty working in a position primarily assigned to younger employees statistically.

120. Defendant's actions violated section 21.051 of the Texas Labor Code; Title VII, TCHRA, 42 USC 1981, 29 USC § 623(c), 42 USC 2000(e), 14th Amendment.

XI. <u>Defamation, Libel and Slander</u>

121.    Plaintiff incorporates herein by reference the factual statements set out in the foregoing
paragraphs.

29.    Defendants made a publication of a false statement of fact to a third party. The publication
was oral as well as written, and defamatory concerning the Plaintiff. Defendants
defamatory statement caused harm resulting in damages to the Plaintiff.

30.    Plaintiff was terminated by final written notice on March 7, 2022. Defendant made a false
statement of fact in their corrective action publication, and the false statement pertaining to
the Plaintiff was published.

31.    Plaintiff suffered injury to her reputation, character, professional reference and background
due to Defendants false statements.

XII. RESPONDEAT SUPERIOR

32.    Plaintiff incorporates each of the foregoing paragraphs.

33.    Defendant is liable for the acts and/or omissions of their respective agents, representatives,
employees, servants, and officers.

34.    Plaintiff was subjected to unwelcome harassment based on her race, age, and sex. The
harassment was severe and pervasive so as to alter the conditions of Plaintiff's work
environment by creating a hostile and abusive situation, creating a basis for employer
liability. (Please provide more details of how other employees were hostile towards you.
Specific instances would be helpful).

## DAMAGES

35.  Plaintiff's unlawful discharge had an incredibly devastating effect on Plaintiff and her family's emotional and financial stability. Plaintiff was humiliated that she lost her job and extremely depressed and anguished that she could not continue to contribute to the family's economic well-being.

36.  Plaintiff was quite fearful of how she and her family would survive without the income they needed, which has caused her extreme anxiety.

37.  Defendants' actions violated the TCHRA, which entitles Plaintiff to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

38.  Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendants punitive damages. 42 USC 1981(a).

39.  Plaintiff seeks all damages available to her under the TCHRA; Title VII, 42 USC 1981, Title VII Civil Rights Act of 1964, 29 USC § 623(c), 42 USC 2000(e), 14th Amendment.

## ATTORNEY'S FEES

40.  Defendants' conduct, as described in this Petition has necessitated the employment by Plaintiff of the undersigned attorneys, and the agreement by Plaintiff to pay the attorneys a reasonable fee and reimburse their expenses. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees. Plaintiff is additionally entitled to recover from Defendants an additional sum to compensate Plaintiff for her attorney's fees in the preparation and prosecution of this action, as well as a reasonable fee for appeals to all other courts. In the

event of one or more appeals by Defendants, additional reasonable attorney's fees will be incurred including a final judgment not to exceed $74,000.00 exclusive of interest and costs.

## NOTICE OF INTENT

41.  Plaintiffs hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## REQUEST FOR DISCLOSURE

42.  Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose and produce to Plaintiff's counsel within 30 days of the service of this request, the information or material described in Rule 194.2.

## JURY DEMAND

43.  Plaintiff requests that this case be tried to a jury.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff **SONYA L. CHAPMAN** requests Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment, exclusive of interest and costs, when including all claims and causes of action, including equitable relief, awarding Plaintiff an amount in total relief not to exceed $74,000.00 exclusive of interest and costs:

1.  Actual and compensatory damages, for the Defendant's discharge of the Plaintiff to include back and front pay and Plaintiffs emotional distress;

2.  Exemplary damages for Defendants' conduct in willfully discharging the Plaintiff;

3.  Punitive damages;

24

4. All damages, jointly and severally to which Plaintiff may be entitled pursuant to this Original Petition;

5. Pre-judgment interest on the amounts owed at the maximum rate allowed by law

6. Attorneys' fees and expenses;

7. Costs of court;

8. Post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law;

9. Injunctive and declaratory relief, including but not limited to, an Order:

   i.   Prohibiting Defendant from engaging in unlawful discrimination;

   ii.  Reinstating Plaintiff's employment with Defendant with back pay;

   iii. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

   iv.  Paying court costs;

   v.   A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

10. Such other and further relief, legal and equitable, as may be warranted under the facts and the law.

Respectfully submitted,

Sonya Chapman
Pro Se
/s/
1533 Honey Trail
Glenn Heights, Texas 75154
214-694-5770
Snychpmn@yahoo.com

25