IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-917-B-BK |
| | § | |
| ADT, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

FINDING, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 5, this case has been referred to the undersigned for pretrial management. Before the Court for findings and a recommended disposition is *Plaintiff's Opposed Motion for Injunctive and Equitable Relief and Trial on the Merits*, Doc. 11. For the reasons that follow, the motion should be **DENIED**.

Plaintiff originally filed her *pro se* petition in Texas state court in April 2024 against Defendant, her former employer, alleging (1) discrimination and retaliation based on her race, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code; (2) violations of the Age Discrimination in Employment Act; (3) violation of her due process rights; (4) negligence and gross negligence; (5) intentional infliction of emotional distress; (6) wrongful termination; and (7) defamation, libel, and slander. Doc. 1-4 at 2, 5-23.

Defendant removed the case to this Court and recently filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that most of Plaintiff's claims are barred by the doctrine of res judicata and the remainder fail to

state a claim upon which relief can be granted. Doc. 6 at 3-8.

Plaintiff now seeks an injunction to reinstate her employment pending the outcome of this case even though Defendant has informed her she is not eligible for rehire due to her performance issues. Doc. 11 at 2-5. A plaintiff must establish four elements to secure a preliminary injunction:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted). The plaintiff bears the burden of establishing each element. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009). While Plaintiff addresses the last three elements, she does not argue that she has a substantially likelihood of succeeding on the merits of her case. Accordingly, *Plaintiff's Opposed Motion for Injunctive and Equitable Relief and Trial on the Merits*, Doc. 11, should be **DENIED**. *See Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (holding that injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to *all four factors*.") (emphasis added).

**SO RECOMMENDED** on May 20, 2024.

*(signature)*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).