IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-917-B-BK |
| | § | |
| ADT LLC, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 5, this *pro se* case was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Before the Court is *Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support*. Doc. 16. Upon review, the motion should be **GRANTED IN PART**.

### I. BACKGROUND

October 21, 2022, Plaintiff filed suit in this Court against Defendant, her former employer, alleging employment discrimination, civil rights violations, and retaliation under, *inter alia*, Title VII, the Age Discrimination in Employment Act (ADEA), the Texas Commission on Human Rights Act (TCHRA), 42 U.S.C. §§ 1981, 1985 & 1986, the United States and Texas Constitutions, and Texas common law. *Chapman v. ADT LLC*, No. 3:22-CV-2188-D-BN, Dkt. 57 at 8 (N.D. Tex. Dec. 28, 2023) (Horan, J.), adopted by, Dkt. 78 (Mar. 4, 2024) (Fitzwater, J.) (hereinafter the "Previous Lawsuit").[1] The Court dismissed Plaintiff's claims with prejudice for

---

[1] Docket entries for the instant case are denoted by "Doc.," while docket entries in the Previous Lawsuit are denoted by "Dkt."

failure to state a claim, except Plaintiff's Texas common law claims, over which the Court declined to exercise supplemental jurisdiction and dismissed without prejudice. Dkt. 57, *passim*. Plaintiff's appeal of that ruling is pending before the United States Court of Appeals for the Fifth Circuit. Dkt. 81.

Meanwhile, on March 7, 2024, Plaintiff filed the instant case against Defendant ADT LLC in the 134th Civil District Court of Dallas County, Texas, again alleging various claims of employment discrimination, civil rights violations, retaliation, and various state law torts. Doc. 1-4 at 2-26. Defendant removed the case to this Court on April 15, 2024, on the basis of federal question and diversity jurisdiction. Doc. 1 at 2. Subsequently, Plaintiff filed a 96-page, single-spaced, amended complaint, again asserting discrimination, civil rights violations, and retaliation claims under essentially the same federal and state laws.

On May 28, 2024, Defendant filed the motion sub judice, seeking dismissal under Rule 12(b)(6). Doc. 16. Plaintiff filed a proper response on February 4, 2025.[2] Doc. 50. Thus, the motion is ripe for review.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

---

[2] After being granted three extensions to file a response [Doc. 24, Doc. 44, Doc. 46], Plaintiff filed multiple responses that failed to comply with this Court's Local Civil Rule 7.2 pertaining to page limitations, which were stricken. *See* Doc. 41 (striking Doc. 28); Doc. 49 (striking Doc. 48).

662, 678 (2009). But the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotations and citation omitted); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

        *A. Plaintiff's Federal Law Claims Are Barred by Res Judicata.*

Citing the Court's judgment in the Previous Lawsuit, Defendant contends that Plaintiff's federal law and state constitutional claims in the instant suit are barred by res judicata. Doc. 16 at 5, 7-10. Upon review, the Court agrees.

> Res judicata ensures the finality of decisions. Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

*Brown v. Felsen*, 442 U.S. 127, 131 (1979) (cleaned up). The doctrine of res judicata bars a party from bringing new claims in a separate lawsuit "based on the same nucleus of operative facts" as those in a previous suit. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401-02 (5th Cir. 2009) (cleaned up).

In this and the Previous Lawsuit, Plaintiff alleges Defendant discriminated and retaliated against her, violated her civil rights, and generally treated her poorly on the basis of her race, age and gender. Indeed, much of the language in the operative complaint here and of that in the Previous Lawsuit are identical. *See*, *e.g.,* Doc. 13 at 19 & Dkt. 27 at 5 ("Defendants intentionally, individually, and collectively deprived Plaintiff of her employment when she was terminated during on-the-job training because of her behavior or lack of performance.").

Plaintiff actually concedes that multiple causes of action alleged in the case *sub judice* and in the Previous Lawsuit are the same and were previously adjudicated, including her claims under the Texas and U.S. Constitutions, Title VII, the ADEA, the Civil Rights Act, and Texas common law. *See* Doc. 13 at 1 ("Plaintiff filed a series of claims . . . The court consequently finalized all laws in favor of the Defendant. . ."); Doc. 13 at 2 ("Plaintiff made a plea to this court for relief. This court has denied relief and access to courts on *all claims both federal and state*.") (emphasis added); Doc. 13 at 27 ("The court system has failed to render any type of relief in this present case. Namely, all the different theories, stages, and categories, of her specific claim.").

Because in the Previous Lawsuit the Court has already adjudicated the merits of Plaintiff's claims asserted under the Constitutions of the United States and Texas, Title VII, the ADEA, and the Civil Rights Act, the same or similar claims reasserted here are barred by res judicata. And to the extent Plaintiff attempts to allege new federal claims in this action, such claims clearly arise from the same nucleus of operative facts as those of the Previous Lawsuit. Consequently, Plaintiff's newly asserted federal claims are also barred by res judicata.[3]

Plaintiff contends that her state law claims survive Defendant's res judicata challenge. Doc. 50 at 23. With the exception of her claims arising under the Texas Constitution, *see supra*, the Court agrees; because this Court's prior order did not adjudicate the merits of Plaintiff's state common law claims, those claims are not barred by res judicata.

---

[3] Plaintiff's pending appeal of the judgment in the Previous Lawsuit does not affect the application of res judicata here. *See Deere & Co. v. Johnson*, 67 F. App'x 256, 2003 WL 21196191, at *2 (5th Cir. May 14, 2003) ("For purposes of res judicata, a judgment is treated as final even if it is on appeal.") (citing *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969)).

Plaintiff further argues that Defendant waived the res judicata argument by failing to raise it in its notice of removal. Doc. 50 at 31. Plaintiff is mistaken. Defendant's assertion of res judicata in its first responsive pleading after removal is timely. *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 807-08 (5th Cir. 2000) (holding that res judicata is "not . . . waived so long as it was asserted at a pragmatically sufficient time, and the [plaintiff] was not prejudiced in its ability to respond") (cleaned up). And Plaintiff offers no support for the proposition that a notice of removal is the appropriate vehicle for asserting the defense of res judicata, or any defense for that matter. *Cf.* 28 U.S.C. § 1446 (setting out the procedures for removal of civil actions).

### B. Plaintiff's Remaining State-Law Claims Should Be Dismissed Without Prejudice.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Federal courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal law claims have been dismissed. 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Further, common law factors that courts consider in determining whether to exercise supplemental jurisdiction over a state law claim include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Enochs v. Lampasas Cnty.,* 641 F.3d 155, 159 (5th Cir. 2011).

Here, both the statutory and the common law factors weigh against the Court's exercise of supplemental jurisdiction over Plaintiff's state law claims. This determination is consistent with the "general rule in this Circuit" that "[w]hen all federal claims are dismissed prior to trial, . . . the district court [should] decline exercising jurisdiction over the remaining state law claims." *Aikens v. Cedar Hill Indep. Sch. Dist.*, No. 3:19-CV-69, 2020 WL 1550800, at *2 (N.D. Tex. Mar. 31, 2020) (Starr, J.) (cleaned up); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, 604 U.S. __, 2025 WL 96212, at *5-6 (2025) ("[A]lthough supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.") (citing *Gibbs*, 383 U.S. at 726-27); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . .").

For the foregoing reasons, the Court should, as in the Previous Lawsuit, decline to exercise supplemental jurisdiction over Plaintiff's common law state claims and dismiss them without prejudice to being raised in state court. As such, Defendant's motion to dismiss Plaintiff's state common law and breach of contract claims on substantive grounds should be denied.

### III. CONCLUSION

Defendant's motion should be **GRANTED IN PART**. Plaintiff's federal claims and claims arising under the Texas Constitution should be **DISMISSED WITH PREJUDICE**. Plaintiff's remaining state claims should be **DISMISSED WITHOUT PREJUDICE** and **REMANDED TO THE STATE COURT**. And as no claims will remain pending, the Clerk of the Court should be **DIRECTED** to close this case.

**SO RECOMMENDED** on February 20, 2025.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).